The document below is hereby signed.

Signed: August 14, 2019



S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| BENSON ELLSWORTH PENICK, | ) | Case No. 19-00030 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEORANDUM DECISION AND ORDER DISPOSING
OF MOTION FOR RELIEF FROM AUTOMATIC STAY

This addresses the Motion for Relief from the Automatic Stay ("Motion") (Dkt. No. 19) filed herein by Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust serviced by Rushmore Loan Management Services, LLC, ("Movant"). The debtor's petition reflects that he filed a prior case, Case No. 18-00777, in this court. That case was dismissed this year prior to the commencement of this case. No motion was filed in this case within 30 days of the commencement of the case to continue the automatic stay pursuant to 11 U.S.C. § 362(c)(3) and the automatic stay has thus terminated pursuant to that provision.

Moreover, the debtor's opposition is essentially that he has

exempted the property in its entirety from the estate and that the court should stay the sale because the debtor is attempting to sell the property for an amount in excess of the debt. However, for reasons set forth more fully in *In re Horton*, 595 B.R. 1 (Bankr. D.D.C. 2019), that is not a valid reason to stay the sale. The sale would have no impact on the administration of the estate, and the Bankruptcy Code does not confer on the debtor any tools in a Chapter 7 case to alter the secured creditor's rights. No purpose under the Bankruptcy Code would be served by staying the sale. It is thus

ORDERED that the Motion (Dkt. No. 19) is disposed of as follows. It is further

ORDERED that the automatic stay imposed by 11 U.S.C. § 362(a) has terminated in this case under 11 U.S.C. § 362(c)(3), and if it has not thus terminated, relief from the stay is appropriate, and the automatic stay is TERMINATED to enable Movant and/or its successors and assigns to avail itself of its rights against the real property known as 408 M Street NW, Washington, DC 20001, under the Deed of Trust, Promissory Note, and state law, including but not limited to the initiation of foreclosure proceedings in the Superior Court for the District of Columbia, and to allow the successful purchaser to obtain possession of same. It is further

ORDERED that the automatic stay of 11 U.S.C. § 362(a) shall

not be reimposed as to Debtor's interest in the property by the conversion of this case to a case under another Chapter of the United States Bankruptcy Code.

                                        [Signed and dated above.]

Copies to: E-recipients.